BERGER v. STATE.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3212. Decided April 30, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

## CONTEMPT OF COURT.

(145) Accused who, during pendency of motion to quash indictment and while court was in session, approached bench without leave or notice, tossed petition to trial judge, requesting him to nolle prosecution; copy of such petition having been given to press, was guilty of contempt of court.

Error to Common Pleas.
Judgment affirmed.

Thomas D. Slattery and Anthony B. Dunlap, Cincinnati, for Berger.

Charles P. Taft, Pros. Atty., Carl E. Basler, Asst. Pros. Atty., Cincinnati, for State.

### STATEMENT OF FACTS.

John S. Berger, a resident of California, was called as a witness on behalf of the defendant in a first degree murder case, being tried in the Court of Common Pleas of Hamilton County. He was sworn and testified.

Berger was subsequently indicted by the grand jury of Hamilton County, Ohio, for perjury.

A motion to quash the indictment was made, argued, and taken under submission by the Court. Before the court had decided the question, and while the Judge was on the bench, Berger approached from the side, and without leave or notice, tossed a so-called "petition" on the bench in front of the Judge: CUSHING, J.

Under 13621 GC., the court was to determine whether there were any defects apparent upon the face of the record, including defects in the form of the indictment and in the manner in which the offense was charged.

The petition in question was prepared and presented to the court for the purpose of influencing it in its decision.

It has been held that if the act of the accused reflected upon the conduct of the court with reference to a pending suit and tended in any manner to influence its decision, it would be contempt.

A copy of the petition was given to the press before it was presented to the court.

Cooley on Constitutional Limitations, 5th Ed., page 522, says:

"It has also been held in many cases that the publication of an article in a newspaper commenting on proceedings in court then pending and undetermined, or upon the court in its relation thereto, made at a time and under circumstances calculated to affect the course of justice in such proceedings, and obviously intended for that purpose, may be punished as a contempt, even though the court was not in session when the publication was made."

See also: State of Washington v. Tugwell & Baker, 19 Wash. 238.

In this instance the court was in session.

It is claimed by counsel for plaintiff in error that his act did not constitute contempt of court. Contempt of court consists in interfering or attempting to interfere with the proper execution of legal process, and with

an attempt either on the bench or off to influence a court in its decision of a matter pending before the court.

From the record we are of opinion that the act constituted contempt of court; that the judgment of the Court of Common Pleas was within the statute.

(Hamilton, PJ., and Mills, J., concur.)